

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| POWERS PROPERTIES, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION 3:23-3-MGL-SVH |
| SHASTA PARTEE, | § | |
| Defendant. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND REMANDING THIS MATTER
TO THE RICHLAND COUNTY MAGISTRATE COURT**

Defendant Shasta Partee (Partee), who is representing herself, removed this rent/eviction case to the Court from the Richland County Magistrate Court. The case was originally filed by Partee's landlord, Plaintiff Powers Properties (Powers Properties).

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the matter be remanded to the Richland County Magistrate Court for lack of subject matter jurisdiction. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on January 4, 2023, and Partee filed her objections on February 1, 2023.  The Court has reviewed the objections, but holds them to be without merit.  It will therefore enter judgment accordingly.

In the Report, the Magistrate Judge explained that Partee's "filing of a federal law defense or counterclaim fails to provide a viable jurisdictional basis for the removal of this state court action."  Report at 2.  She also noted, "[a]s [Partee] is a citizen of South Carolina, her action may not be removed under § 1332.  Because removal of this case under federal question or diversity jurisdiction is improper, the case should be remanded to state court."  *Id*. at 3 (citation omitted).

Nevertheless, in Partee's objections, she continues to insist the Court "has jurisdiction over this matter."  Objections at 1.  Unfortunately for Partee, however, she is mistaken.

Here, Partee seeks to remove her case to this Court based on her federal counterclaims.  But, under the "well pleaded complaint rule," a case does not become removable simply because the defendant in the state proceeding raises a federal counterclaim or federal defense.  *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc*., 535 U.S. 826, 831 (2002) ("[A] counterclaim . . . cannot serve as the basis for 'arising under' jurisdiction.").  Thus, the Court lacks federal question jurisdiction over this matter.

It appears Partee is bringing only federal claims and asserting only federal question jurisdiction. *See* Objections at 1 (Partee "filed a removal based on discrimination on the bases of disability by [Powers Properties] under the Fair Housing Act, the ADA, the Rehabilitation Act, and retaliation." (capitalizations modified)).  Nevertheless, concerning the question of whether the Court has diversity jurisdiction over this case, Partee is a citizen of South Carolina.  And, as per, 28 U.S.C. § 1441(b)(2), "[a] civil action . . . may not be removed if any of the parties in interest

properly joined and served as defendants is a citizen of the State in which such action is brought."

Neither the Fourth Circuit nor the Supreme Court have held this requirement is procedural, as opposed to jurisdictional, such that it can be waived if the plaintiff fails to raise the issue in a timely-filed motion to remand.  But, several other courts have so held.  *See, e.g., In re Shell Oil Co.*, 932 F.2d 1518, 1521 (5th Cir. 1991); *Alter v. Bell Helicopter Textron, Inc.*, 944 F. Supp. 531, 534 (S.D. Tex. 1996); *Ravens Metal Products, Inc. v. Wilson*, 816 F. Supp. 427, 428 (S.D.W.Va. 1993).

Assuming, without deciding, the § 1441(b)(2) requirement has been waived on the basis of Powers Properties' failure to raise the issue, Partee has still neglected to show the Court has diversity jurisdiction over this matter.  The diversity statute provides, in relevant part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1).

But, Partee has failed to plead either of these requirements: (1) that she has over $75,000 in damages from any non-federal claims, and (2) to provide the citizenship of Powers Properties so the Court can determine whether the parties in this lawsuit are diverse.  Therefore, Partee has failed to show the Court has diversity jurisdiction over this matter.

As such, for all these reasons, the Court will overrule Partee's objections.

Partee subsequently filed "Evidence of Support," which details her son's disabilities.  But this information concerns Partee's federal counterclaims, which fail to give the Court jurisdiction over this matter.

She also filed a motion to amend her counterclaims.  The Court will dismiss this motion without prejudice so she can raise it in state court if she wishes to do so.

The proper way for Partee to have her federal claims considered by this Court is for her to file a free-standing complaint with this Court, instead of filing a notice of removal, as she has done

here. And, according to the Court's review of its docket, it appears that is exactly what she did when she filed her complaint in *Partee v. Powers Properties*, 3:23-cv-04777-MGL-SVH (D.S.C. September 25, 2023).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Partee's objections, adopts the Report to the extent it does not contradict this Order, and incorporates it herein. It is therefore the judgment of the Court this matter is **REMANDED** to the Richland County Magistrate Court for lack of subject matter jurisdiction.

**IT IS SO ORDERED**.

Signed this 10th day of October, 2023, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.